IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY DIODORO,** : |  |
| Petitioner, : |  |
| : |  |
| v. : | **CIVIL ACTION NO. 18-2031** |
| : |  |
| **ROBERT MARSH,** *et al.*, : |  |
| Respondents. : |  |

# ORDER

**AND NOW,** this 18th day of March 2019, upon careful and independent consideration of the *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1], all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Linda K. Caracappa [Doc. No. 12], to which no objections have been filed, it is hereby **ORDERED** that:

1. The Clerk is directed to **REMOVE** the case from Civil Suspense and return it to the active docket;

2. The R&R [Doc. No. 12] is **APPROVED** and **ADOPTED**[1];

---

[1] The R&R correctly determined that Petitioner's federal habeas Petition was untimely. Petitioner had one year from March 31, 2012—thirty days after the denial of Petitioner's *nunc pro tunc* motion for modification of sentence—to file his Petition, as he took no further direct appeal from judgment of sentence. 28 U.S.C. § 2244(d). The clock ran for 109 days before Petitioner filed his timely PCRA petition on July 18, 2012, which statutorily tolled the limitations period. 28 U.S.C. § 2244(d)(2); *see Swartz v. Meyers*, 204 F.3d 417, 424–25 (3d Cir. 2000) (highlighting that statutory tolling applies while a timely state post-conviction petition is filed during the time the action is pending in state courts, including any post-conviction appeals, so long as it is filed and pending before the expiration of the AEDPA's limitations period). After the PCRA Court denied his petition on the merits on May 23, 2013, and because Petitioner failed to appeal to the Pennsylvania Superior Court or Supreme Court, the statute of limitations began to run again.

Petitioner had 256 days from the PCRA Court's decision to file a timely federal habeas petition, or until February 3, 2014. Although Petitioner filed three additional PCRA petitions, each of those petitions was filed after the expiration of his federal habeas filing deadline and was therefore considered untimely by the PCRA Court. *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not toll the statute of

3. The Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

4. There is no probable cause to issue a certificate of appealability[2]; and

5. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED.**

                                                **BY THE COURT:**

                                                /s/ Cynthia M. Rufe

                                                _____

                                                **CYNTHIA M. RUFE, J.**

---

limitations because "the limitations period had already run when it was filed"). And ultimately, Petitioner did not file his federal habeas Petition until May 7, 2018—over four years beyond the statute of limitations period.

Equitable tolling does not apply because Petitioner has failed to show that he pursued his rights diligently, or that extraordinary circumstances prevented him from timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418) (illustrating that a petitioner must prove equitable tolling by showing: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing").

[2] Petitioner has not made a substantial showing of the denial of a constitutional right; there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citation omitted).